JUSTICE HUNT,
dissenting:
I dissent. This opinion is another attempt by the judiciary in the state of Montana to divest plaintiffs of their right to reach the jury. By stating that “the District Court pointed out that, many of the alleged misrepresentations were nothing more than subjective opin *120 ions,” the majority makes it possible for the District Court in a motion for summary judgment to decide as a matter of law whether a statement is one of opinion or of fact. However, in Dolson Co. v. Imperial Cattle Co. (1981), 191 Mont. 357, 363, 624 P.2d 993, 996, the case cited by the majority for the proposition that “[statements of opinion are subject to the common law doctrine of caveat emptor,” and in Spence v. Yocum (1982), 201 Mont. 79, 83-84, 651 P.2d 1022, 1025, this Court emphasized that the trier of fact is in the best position to determine whether a representation constitutes a statement of fact or a statement of opinion.
Both Dolson and Spence involved appeals from judgments of district court trials where the district courts sat without juries. This case, on the other hand, involves an appeal from a summary judgment. The District Court in the present case did not sit as a fact finder. Its only function was to determine issues of law, not issues of disputed fact. Summary judgment should not have been granted.