No.  90-089

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

W. BOYD BOYLAN,

    Plaintiff and Appellant,

-v-

ARNOLD VAN DYKE, ANN JEANETTE
VAN DYKE, LAWRENCE J. VAN DYKE,
BERNA SUE VAN DYKE, and VAN DYKE
IRRIGATION SERVICE, INC.,

        Defendants, Respondents,
        and Cross-Appellants.


APPEAL FROM:   District Court of the Eighteenth Judicial District,
               In and for the County of Gallatin,
               The Honorable Joseph B. Gary, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

        H.A. Bolinger, Bozeman, Montana

        For Respondent:

        William L. Madden, Jr.; Bridgitte M. Anderson;
        Goetz, Madden & Dunn; Bozeman, Montana


FILED

EB 14 1991

Filed Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:   December 13, 1990

            Decided:   February 14, 1991

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This cause of action arose when defendants constructed a pond. Plaintiff, W. Boyd Boylan (Mr. Boylan) filed suit alleging that the pond interfered with his use of a ditch which traverses that area. The District Court for the Eighteenth Judicial District, Gallatin County, found that the pond had no effect on the flow of water in the ditch and that Mr. Boylan did not suffer any damages as a result. From that decision, Mr. Boylan appeals. We affirm in part and reverse in part.

The issues before us are:

1. Did the District Court err in concluding that defendants did not unlawfully interfere with Mr. Boylan's ditch easement?

2. Did the District Court err in denying Mr. Boylan's motion to refer determination of his water rights to the Water Court?

3. Did the District Court err in excluding evidence of the nature, priority and extent of Arnold Van Dyke's water right in Dry Creek; of his purported, unlawful diversions therefrom; and of the damages which Mr. Boylan thereby allegedly sustained?

4. Did the District Court err in entering summary and final judgments in favor of Arnold and Ann Van Dyke?

5. Did the District Court err in refusing to award Mr. Boylan actual damages, punitive damages and injunctive relief?

6. Did the District Court err in refusing to award attorney fees and costs to the prevailing party?

Mr. Boylan is a retired rancher and the owner of approximately 252 acres located north of the defendants property.

Defendants, Arnold and Ann Van Dyke are husband and wife and the parents of Larry Van Dyke. Defendants, Larry and Berna Sue

2

Van Dyke, husband and wife own what will be referred to hereinafter as "Tract A". Larry and Berna Sue are the sole shareholders and directors of the Van Dyke Irrigation Service, Inc. Larry manages the corporation which engages in irrigation related construction and installation of irrigation related equipment, such as pipes, headgates, flumes, and the like.

In the spring of 1988, defendants Larry and Berna Sue Van Dyke constructed a one-acre pond on their land where Spring Creek intersects an irrigation ditch known as Tudor Lane Ditch. The construction of the controversial pond occurred on Tract A on or about May 17, 1988, until approximately May 22, 1988, prior to the irrigation season for 1988. Pond construction involved placement of a dam across the Tudor Lane Ditch and excavation of approximately 600 feet of ditch to form the pond.

Mr. Boylan filed suit against defendants claiming that construction of the pond interfered with his ditch right to transport irrigation water down the Tudor Lane Ditch across Larry and Berna Sue's land for which he seeks damages, actual and punitive. Mr. Boylan also sought a permanent injunction enjoining the defendants from interfering with his ditch and water rights and for a mandatory injunction requiring the defendants to replace his drainage ditch.

On April 4, 1989, Ann and Arnold Van Dyke filed a motion for summary judgment to remove them as parties on the ground that there were no material facts supporting liability by them to Mr. Boylan. Mr. Boylan responded by claiming that all defendants conspired to

build a major subdivision with a fish pond and access road and to destroy the Tudor Lane Ditch. He further claimed that Ann and Arnold Van Dyke aided in, abetted, assisted in or knew of the destruction of the Tudor Lane Ditch and were liable to him on that basis.

On October 1, 1988, Mr. Boylan requested that the District Court request that the water court adjudicate his rights, the defendants' rights, and the rights of other persons not parties to the lawsuit, to Dry Creek water. Defendants responded that this was a ditch rights case based on the construction of Larry and Berna Sue Van Dykes' pond and that it did not necessitate a final adjudication of the water rights of the parties and those who are not parties. Defendants did not dispute Mr. Boylan's water right to Dry Creek water as decreed to him in the temporary preliminary decree for the Gallatin Basin.

The District Court concluded that the issue in this case was "whether the pond interfered with Mr. Boylan's use of the Tudor Lane Ditch, and if so, what the damages were." The District Court denied Mr. Boylan's motion and limited the adjudication of the case to the question of ditch right and the construction of the pond and any damages that might have resulted.

A three-day trial, without a jury, was held in May 1989. The court ordered that further proceedings be held in abeyance until such time as the 1989 irrigation season would be completed, suggesting that both parties try and settle the matter before such time.

4

Soon thereafter, Mr. Boylan filed a motion requesting permission to file findings of fact and conclusions of law. He also filed a motion for an injunction pendente lite, asking the court to enjoin defendants from doing any work in the pond and the ditch and from making any "improvements" on the land until the case was decided. The court did not act on this motion.

After personally examining the pond and ditch in question, and making extensive findings of fact, the District Court concluded that Mr. Boylan failed to prove his claims against Ann and Arnold Van Dyke based on the alleged conspiracy, and his aiding and abetting theories. It held that neither Ann nor Arnold Van Dyke had any title or other interest in the land upon which the pond was constructed. In discussing its examination of the premises, the court stated:

> In August of 1989, the Court viewed the premises and saw a full flow from the diversion point in Dry Creek into the pond of defendant and out of the pond of the defendant through the rather sophisticated but very satisfactory headgate that was fully opened when the Court viewed it during the irrigation season. . . . The Court walked over to where the flumes were installed, and the waters of the Spring Creek were fully flowing into the pond and would naturally flow out of the pond into the Tudor Lane Ditch together with the waters of Dry Creek. Therefore, the Complaint of the plaintiff that they were deprived of the waters of Spring Creek is dispelled . . .
> . . . If in the future the dam would break, and the plaintiff would suffer damages as a result thereof, clearly the plaintiff at that time would have a cause of action, but there is certainly no damages proved now at this point about the construction of the dam.

In addition the District Court made the following pertinent findings of fact:

> 76. In sum, there simply was no evidence whatsoever

5

supporting [Mr. Boylan's] conspiracy and aiding and abetting claims against Arnold and Ann Van Dyke.

77. There was no evidence whatsoever supporting [Mr. Boylan's] claim that defendants or any of them acted with any malice towards him.

78. [Mr. Boylan] failed to establish that he has suffered any damages or may suffer any future damages.

80. The flow of water through the Tudor Lane Ditch has not been interfered with. The water flows from Dry Creek into the ditch, through the pond and further down the ditch onto [Mr. Boylan's] land.

81. The operation of [Mr. Boylan's] diversion system is essentially the same as it was before; except, that the headgates in the ditch installed by Lawrence Van Dyke improved [Mr. Boylan's] facilities.

82. Maintenance of the ditch has not been increased and has actually been facilitated through the road which [Mr. Boylan] can now use for access to the ditch.

83. In sum, the preponderance of the evidence demonstrated that [Mr. Boylan] has not been damaged at all by the defendants.

The District Court then concluded that Mr. Boylan failed to prove by a preponderance of the evidence that he is entitled to any compensatory damages or any injunctive relief. It then denied Mr. Boylan's application for injunctive relief and ordered that each party pay their own costs and attorney fees. From that decision, Mr. Boylan appeals.

I

Did the District Court err in concluding that defendants did not unlawfully interfere with Mr. Boylan's ditch easement?

Mr. Boylan maintains that the construction of the pond was an unlawful interference with his ditch easement. He maintains the pond deprived him of irrigation water for his land and reduced the

6

value of his land to half of what it was worth prior to construction of the pond and the destruction of his ditch. He argued that his son, Doug Boylan, who was a tenant on his ranch was no longer able to make a living on the ranch because of a significant reduction in available water since the pond's construction.

Defendants maintain that the ditch caused no interference with Mr. Boylan's ditch right or easement. They further maintain that the ditch has the same carrying capacity after construction of the pond as it did before. Defendants urge that after the construction of the pond Mr. Boylan receives the same amount of water, if not more, than he did before. Defendants contend Mr. Boylan has essentially the same maintenance chores required of him before the pond's construction. They urge that maintenance is actually easier now due to installation of improved headgates. Finally, defendants urge that Mr. Boylan sustained no damages during the course of construction, nor is he likely to sustain any in the future.

The standard of review for a judge sitting without a jury, pursuant to Rule 52(a), M.R.Civ.P., is that the court's findings shall not be set aside unless clearly erroneous. Thus, when the District Court's findings are based on substantial credible evidence, they are not clearly erroneous. Downing v. Grover (1989), 237 Mont. 172, 772 P.2d 850.

The District Court correctly noted that Mr. Boylan's son, Doug, is not a party to this lawsuit. The District Court further noted that the Van Dyke pond had nothing to do with Mr. Boylan's

7

shortage of water in his ditch during the month of July, but rather that the shortage was caused by an upstream user, exercising his full right to Dry Creek water for the first time that Doug Boylan testified he could remember. After reviewing the record in this case, it is clear that there is no evidence to support Mr. Boylan's claims. We conclude that the District Court's findings of fact are not clearly erroneous. We hold that the District Court was correct in concluding that defendants did not unlawfully interfere with Mr. Boylan's ditch easement.

## II

Did the District Court err in denying Mr. Boylan's motion to refer determination of his water rights to the Water Court?

As pointed out in the above stated facts, Mr. Boylan requested that the District Court request that the water court adjudicate his rights, defendants' rights and the rights of people not parties to the lawsuit. As defendants correctly point out, Mr. Boylan did not raise the water rights question in his complaint; the District Court specifically excepted such issues from trial; the issue was not raised in the Pretrial Order; and it was expressly waived by Mr. Boylan at the start of the trial. A reviewing court will not hold a trial court in error for a procedure in which the appellant acquiesced at trial. In re Marriage of West (1988), 233 Mont. 47, 758 P.2d 282. We conclude that the District Court correctly narrowed the focus of its review to whether the pond interfered with Mr. Boylan's use of the Tudor Land Ditch and any damages so caused. We hold that the District Court did not err in denying Mr.

8

Boylan's motion to refer determination of his water rights to the Water Court.

### III

> Did the District Court err in excluding evidence of the nature, priority and extent of Arnold Van Dyke's water right in Dry Creek; of his purported, unlawful diversions therefrom; and of the damages which Mr. Boylan thereby allegedly sustained?

Defendants maintain that the proffered evidence was irrelevant to any issue raised by the complaint and thus properly disregarded. We agree. Rule 401, M.R.Evid. provides:

> Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Arnold Van Dyke's water rights are of no consequence to the determination of whether the pond interfered with Mr. Boylan's use of the Tudor Lane Ditch. We conclude the District Court correctly excluded evidence of Arnold Van Dyke's water right in Dry Creek; of his purported, unlawful diversions therefrom; and of the damages which Mr. Boylan thereby allegedly sustained.

### IV

> Did the District Court err in entering summary and final judgments in favor of Arnold and Ann Van Dyke?

Mr. Boylan contends the District Court erroneously granted summary judgment. The District Court ruled on Mr. Boylan's motion for summary judgment on the first day of trial. It granted the motion with regard to the claim for actual interference with Mr. Boylan's ditch right, but allowed the conspiracy claims to be tried. After trial, the court entered judgment in favor of Arnold

and Ann Van Dyke on the conspiracy claim.

Summary judgment is only proper when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. Any inferences to be drawn from the factual record must be resolved in favor of the party opposing summary judgment. Summary judgment is never a substitute for a trial on the merits. Batten v. Watts Cycle and Marine, Inc. (1989), 240 Mont. 113, 783 P.2d 378.

Here, the District Court only granted partial summary judgment. It ruled that Arnold and Ann Van Dyke did not interfere with Mr. Boylan's ditch rights. As stated previously, under Issue I, Mr. Boylan failed to present any evidence to support his claims of unlawful interference.

With regard to the conspiracy claim against Arnold and Ann Van Dyke, the District Court allowed a trial on the merits of that claim. To prove a claim of civil conspiracy one must prove the following elements: (1) two or more persons; (2) an object to accomplish; (3) a meeting of minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof. If the object of an alleged conspiracy is lawful, and the means used to attain that object are lawful, there can be no civil action for conspiracy. Duffy v. Butte Teachers' Union, No. 332 (1975), 168 Mont. 246, 541 P.2d 1199.

The District Court stated: "Clearly there is no showing that [Arnold and Ann Van Dyke] participated in any manner whatsoever". The record supports the District Courts conclusion. Thus, Mr.

Boylan's claim of conspiracy fails. We hold the District Court was correct in entering summary and final judgments in favor of Arnold and Ann Van Dyke.

## V

Did the District Court err in refusing to award Mr. Boylan actual damages, punitive damages and injunctive relief?

In light of our holdings on the foregoing issues, we conclude that Mr. Boylan was not entitled to actual damages, punitive damages or injunctive relief. We hold that the District Court correctly refused to award Mr. Boylan any damages or injunctive relief.

## VI

Did the District Court err in refusing to award attorney fees and costs to the prevailing party?

Defendants maintain that as the prevailing party, they are entitled to attorney fees. Section 70-17-112, MCA, provides:

(2) No person may encroach upon or otherwise impair any easement for a canal or ditch used for irrigation or any other lawful domestic or commercial purpose, including carrying return water.
. . .
(5) If a legal action is brought to enforce the provisions of this section, the prevailing party is entitled to costs and reasonable attorney's fees.

The plaintiffs if successful would claim under the provision of subsection (2). Defendants claim attorney fees under subsection (5).

The District Court concluded that the Tudor Lane Ditch was in part destroyed and removed by the defendants and that therefore neither party "prevailed" for the purpose of receiving attorney

11

fees. Defendants rely on Knudsen v. Taylor (1984), 211 Mont. 459, 685 P.2d 354. However Knudsen is distinguishable. In Knudsen, the plaintiff asked for $117,000 in damages and was awarded $10,000. The court in that case concluded that neither party "prevailed" and neither party was entitled to attorney fees.

Here, Mr. Boylan failed to prevail in any of his claims. Under § 70-17-112(5), MCA, defendants prevailed and are therefore entitled to costs and attorney fees as a matter of law. We hold that the District Court erred in refusing to award attorney fees and costs to defendants. We remand this issue to the District Court for determination of an award of costs and attorney fees in defendants' favor.

Affirmed in part. Reversed in part.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

12