No. 91-577

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

ROBERT P. BARRETT,

      Plaintiff and Appellant,

-vs-

HOLLAND & HART, a partnership,

      Defendant and Respondent.

FILED

DEC 29 1992

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Jeffrey Sherlock, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        P. Keith Keller, Keller, Reynolds, Drake,
Sternhagen, & Johnson, Helena, Montana
Gene A. Picotte, Attorney at Law, Helena, Montana

    For Respondent:

        Stuart L. Kellner and Chris D. Tweeten, Hughes,
Kellner, Sullivan & Alke, Helena, Montana

Submitted on Briefs:  May 14, 1992

Decided:  December 29, 1992

Filed:

_____
Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

Plaintiff, Robert P. Barrett, (Mr. Barrett) brought this action against the law firm of Holland & Hart alleging fraud, negligent misrepresentation and deceit by an attorney in violation of § 37-61-406, MCA; violation of Rule 11, M.R.Civ.P.; and legal malpractice. The District Court for the First Judicial District, Lewis and Clark County, granted Holland & Hart's motion to dismiss, or in the alternative, summary judgment. Mr. Barrett appeals. We affirm.

We restate the issues as follows:

1. Did the District Court properly grant Holland & Hart's motion to dismiss, or in the alternative, summary judgment?

2. Were Mr. Barrett's claims for fraud and deceit barred by the statute of limitations?

In May of 1985, Mr. Barrett filed a wrongful termination action against his former employer, ASARCO, Inc. Barrett v. ASARCO, Inc. (1988), 234 Mont. 229, 763 P.2d 27. (Barrett I). Mr. Barrett's attorney was Gene Picotte. ASARCO retained the law firm of Holland & Hart. After the close of discovery, but over one month before the trial, ASARCO sought to amend its interrogatory answers based on "new" information it had obtained. The "new" information is the subject of this action now before us.

Holland & Hart represented to the District Court that it had found six witnesses that would testify about various incidents of dishonesty by Mr. Barrett during the last three years of his employment with ASARCO. These incidents included sleeping on the

2

job, abuse of sick pay, stealing tools and equipment from ASARCO, and requesting one of his crew members to steal for him. Mr. Barrett filed a motion in limine to exclude the testimony of these witnesses. ASARCO then offered to allow Mr. Barrett to depose the witnesses at its expense. Mr. Barrett chose not to depose the witnesses but instead moved again to exclude their testimony.

The District Court granted Mr. Barrett's motion in limine and the case went to trial on February 2, 1987. The jury returned a verdict for Mr. Barrett in the amount of $413,500. Barrett I.

ASARCO moved the District Court for a new trial contending that it was deprived of a fair trial by the court's exclusion of the testimony of the new witnesses. The District Court denied the motion and ASARCO appealed to this Court. On appeal, ASARCO contended that the District Court erred in excluding the testimony of the new witnesses. This Court held that the lower court erred in excluding the testimony and reversed and remanded the case for a new trial.

Prior to the second trial, Mr. Barrett deposed five of the witnesses in question. Subsequently, a second trial was held and the jury again found for Mr. Barrett, this time however, awarding him $230,000. ASARCO appealed to this Court and this Court affirmed the jury's verdict. Barrett v. ASARCO, Inc. (1990), 245 Mont. 196, 799 P.2d 1078. (Barrett II).

Mr. Barrett next filed this action alleging that Holland & Hart acted improperly while representing its client, ASARCO, before, during and after the first trial and during the appeal of

3

the first jury verdict. He alleged claims of fraud; negligent misrepresentation; deceit by an attorney in violation of § 37-61-406, MCA; conduct in violation of Rule 11, M.R.Civ.P.; and legal malpractice. He also asked for punitive damages.

Holland & Hart moved to dismiss the complaint, or in the alternative, for summary judgment. They maintained that on each count of the complaint, Mr. Barrett failed to state a claim on which relief could be granted, and secondly, even if there was an actionable claim, such claim was barred by the statute of limitations.

During the arguments on Holland & Hart's motion, Mr. Barrett withdrew his claim of conduct in violation of Rule 11, M.R.Civ.P. The District Court found that Mr. Barrett failed to state a claim for which relief could be granted on his claims of fraud, negligent misrepresentation and legal malpractice. It further found that Mr. Barrett's deceit claim was barred by the statute of limitations. The District Court granted Holland & Hart's motion to dismiss. Mr. Barrett appeals.

I

Did the District Court properly grant Holland & Hart's motion to dismiss, or in the alternative, summary judgment?

The District Court considered matters outside the pleadings in this case, thereby properly treating ASARCO's motion to dismiss as one for summary judgment.

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the

4

> motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56.

Rule 12(b), M.R.Civ.P.; Boles v. Simonton (1990), 242 Mont. 394, 397, 791 P.2d 755, 757.

Summary judgment is only proper when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. Any inferences to be drawn from the factual record must be resolved in favor of the party opposing summary judgment. Boylan v. Van Dyke (1991), 247 Mont. 259, 266, 806 P.2d 1024, 1028.

Mr. Barrett maintains that summary judgment was improper because the complaint states a claim for fraud and negligent misrepresentation, and because his deceit claim is not barred by the statute of limitations. Mr. Barrett does not raise any issue with regard to the dismissal of his legal malpractice claim and we will not discuss it here.

### The Fraud Claim

Mr. Barrett maintains that Holland & Hart defrauded the District Court as well as this Court by obtaining a reversal of the jury verdict in Barrett I by representing that the six named witnesses, whose testimony had been excluded by the District Court in Barrett I, would testify to specific acts of misconduct by Mr. Barrett. He maintains that in proving fraud on the court he need not prove all nine elements of fraud, particularly, that he had no duty to investigate the truth of Holland & Hart's representations. He further maintains that in their respective depositions, each

5

witness denied knowledge of the things Holland & Hart had represented they would say. Therefore, Mr. Barrett maintains that his jury verdict was reversed in Barrett I solely on the basis of false representations by Holland & Hart and he was damaged as a consequence.

Holland & Hart contend that Mr. Barrett failed to make a prima facie showing of fraud.

The nine elements of fraud which must all be proven are:

1.  a representation;

2.  its falsity;

3.  its materiality;

4.  speaker's knowledge of the falsity or ignorance of its truth;

5.  speaker's intent that the representation be relied upon;

6.  hearer's ignorance of the falsity;

7.  hearer's reliance on the representation;

8.  hearer's right to rely on the representation; and

9.  hearer's consequent and proximate injury caused by the reliance.

Batten v. Watts Cycle & Marine (1989), 240 Mont. 113, 117, 783 P.2d 378, 380-381. Mere suspicion of fraud is not sufficient, but rather, fraud must be proved by a preponderance of the evidence. Batten, 783 P.2d at 381.

The District Court held that Mr. Barrett failed to demonstrate that he was "ignorant of the truth" because he had failed to investigate the truth prior to trial. As a result he failed to

6

meet the requirements of the fourth element of fraud as above described. In fact, he did not depose the witnesses until shortly before the second trial.

We agree with the District Court that Mr. Barrett failed to set forth facts demonstrating that he had met this element which requires a showing of the speaker's knowledge of the falsity or ignorance of its truth. As noted in Barrett I, 763 P.2d at 30, ASARCO offered the witnesses for deposition by Mr. Barrett at ASARCO's expense and Mr. Barrett refused. Mr. Barrett had the means and opportunity to discover the truth or lack of truth of Holland and Hart's representations, but refused. When a party claims to have been deceived to his prejudice, and it appears that he had the means at hand to ascertain the truth of representations made to him, his reliance upon such representations, however false they may have been, affords no grounds for relief. Spence v. Yocum (1982), 201 Mont. 79, 84-85, 651 P.2d 1022, 1025.

We conclude that because Mr. Barrett chose not to use the means available to him to investigate the truth of the representations made to him, his claim for fraud must fail. We note that Mr. Barrett attempts to argue that because he is alleging "fraud on the court," he is not required to set forth facts which are sufficient to prove the nine elements of tortious fraud. Mr. Barrett cites no authority for that proposition.

Furthermore, we agree with the District Court when it said:

It is not inconceivable that the witnesses might possibly have changed their testimony since the time of the first trial. This certainly does not prove that Defendant intentionally acted to deceive the Court. We have no

7

idea, thanks in part to Plaintiff's inaction, what these witnesses might or might not have testified to back in 1987.

We affirm the District Court's grant of summary judgment to ASARCO on the fraud claim.

## The Negligent Misrepresentation Claim

Negligent misrepresentation has a lesser standard of proof than fraud. Rather than requiring an intent to misrepresent, it requires a showing of a failure to use reasonable care or competence in obtaining or communicating the information. Batten, 783 P.2d at 381. A claim for negligent misrepresentation requires proof of the following elements:

1. the defendant made a representation as to a past or existing material fact;

2. the representation must have been untrue;

3. regardless of its actual belief, the defendant must have made the representation without any reasonable ground for believing it to be true;

4. the representation must have been made with the intent to induce the plaintiff to rely on it;

5. the plaintiff must have been unaware of the falsity of the representation and he must have been justified in relying upon the representation;

6. the plaintiff, as a result of his reliance, must sustain damage.

Kitchen Krafters, Inc. v. Eastside Bank of Montana (1990), 242 Mont. 155, 165, 789 P.2d 567, 573 (emphasis in original).

8

The District Court held:

> First, Plaintiff has not pled, and cannot possibly prove that the representations were made by Defendant without any reasonable ground for believing that they were true. This shortcoming can be laid entirely upon Plaintiff's shoulders because he did not take advantage of ASARCO's offer to allow him to depose the witnesses at ASARCO's expense. As noted earlier, it is not inconceivable that during the time since the first trial, the witnesses might have, for whatever reason, changed their testimony.

> Second, Plaintiff has not pled, and cannot possibly prove, that the representation was made with the intent that he rely on it. As the Court understands Plaintiff's case, he did not rely on the representations. Indeed, the record show that he proceeded in the face of them. It does appear that the supreme court relied on the Defendant's representations. However, the supreme court is not the Plaintiff. The elements above do not make an exception for false representations that deceive parties other than the plaintiff.

We agree with the reasoning of the District Court. Under element two, Mr. Barrett was required to demonstrate that the representations by the defendant were untrue. As pointed out by the District Court, the witnesses may have changed their testimony. The responsibility to determine if the representations were untrue must be charged to Mr. Barrett because he did not take advantage of the opportunity to depose the witnesses and determining whether or not the representations were untrue.

Under element four Mr. Barrett was required to prove that the representations were made to him with the intent to induce him to rely on the representations. As the District Court pointed out, the representations were not made with that intent. He was given the opportunity to depose the witnesses at ASARCO's expense but chose not to do so. That offer rebuts the contention that the

9

representations were made with the intention to induce Mr. Barrett to rely upon the same. We conclude that the District Court correctly entered summary judgment for ASARCO on the negligent misrepresentation claim.

We hold that the District Court properly granted Holland and Hart's summary judgment on the fraud and negligent misrepresentation claims.

## II

Were Mr. Barrett's claims for fraud and deceit barred by the statute of limitations?

Because the fraud claim was disposed of in the first issue, we need not address that claim here. The District Court held that Mr. Barrett's deceit claim under § 37-61-406, MCA, was barred by the statute of limitations provisions of § 27-2-211(1)(a), MCA.

The "deceit" section with which we are concerned is § 37-61-406, MCA, which provides:

> **Penalty for deceit.** An attorney or counselor who is guilty of any deceit or collusion or consents to any deceit or collusion with intent to deceive the court or a party forfeits to the party injured by his deceit or collusion treble damages. He is guilty of a misdemeanor.

As pointed out by the District Court, the statute does not prescribe a statute of limitation time period.

With regard to statutes of limitation in general, § 25-1-102(1), MCA, provides:

> (1) Civil actions can only be commenced within the periods prescribed in Title 27, chapter 2, after the cause of action shall have accrued, except where, in special cases, a different limitation is prescribed by statute.

10

As referred to in the foregoing section, the general provision in Title 27, chapter 2 regarding this aspect is § 27-2-102, MCA, which in pertinent part provides:

**When action commenced.** (1) For the purposes of statutes relating to the time within which an action must be commenced:
   (a) a claim or cause of action accrues when all elements of the claim or cause exist or have occurred, the right to maintain an action on the claim or cause is complete, and a court or other agency is authorized to accept jurisdiction of the action;
   . . .
   (2) Unless otherwise provided by statute, the period of limitation begins when the claim or cause of action accrues. . . .
   (3) The period of limitation does not begin on any claim or cause of action for an injury to person or property until the facts constituting the claim have been discovered or, in the exercise of due diligence, should have discovered by the injured party if:
   (a) the facts constituting the claim are by their nature concealed or self-concealing; . . .

As the District Court noted, both parties agree that the misrepresentation upon which the claim is based occurred in January 1987. Defendant argues that plaintiff's cause of action was complete on October 11, 1988, the date of the reversal of the first judgment. Plaintiff contends that his cause of action did not begin to accrue until after the Supreme Court affirmed the second verdict in Barrett II.

In its analysis, the District Court pointed out that to prevail on an action under § 37-61-406, MCA, the plaintiff needs to prove that an attorney is guilty of deceit and that he was damaged by such deceit. The District Court then concluded that the plaintiff's cause of action was complete when the defendant's acts actually resulted in causing the Supreme Court to reverse the

11

verdict causing the plaintiff's damages which took place on October 11, 1988. The District Court then concluded that pursuant to the provisions of § 27-2-102, MCA, that the clock began ticking on this claim on October 11, 1988. We agree with the conclusion of the District Court that the cause of action for deceit on the part of Mr. Barrett accrued on October 11, 1988, as all of the elements of his claim then existed or had occurred, and his right to maintain an action on the claim was complete.

Plaintiff contended before the District Court that the general three-year statute applied, that being § 27-2-204, MCA, which in pertinent part provides:

> **Tort actions - general and personal property.** (1) Except as provided in 27-2-216, [not applicable to the facts of this case] the period prescribed for the commencement of an action upon a liability not founded upon an instrument in writing is within 3 years. . . .

Defendant contended that the proper statute of limitations is contained in § 27-2-211(1)(a), MCA, which in pertinent part provides:

> **Actions to enforce penalty or forfeiture or other statutory liability.** (1) Within 2 years is the period prescribed for the commencement of an action upon:
> (a) A statute for a penalty or forfeiture when the action is given to an individual . . . except when the statute imposing it prescribes a different limitation;
> . . .
> (c) A liability created by statute other than:
> (i) a penalty or forfeiture; . . .

The District Court concluded that § 37-61-406, MCA, clearly is a penalty statute. The District Court then concluded that the above quoted § 27-2-211(1)(a), MCA, specifically applied to an action upon a statute for a penalty or forfeiture when the action is given

12

to an individual. The District Court pointed out that this statute contains specific provisions applying to this type of a cause of action and therefore concluded that the two-year period of limitation applied to the plaintiff's claim, rather than the three year general tort statute advocated by the plaintiff. We agree with the conclusion on the part of the District Court. We point out that from the wording of § 37-61-406, MCA, an attorney who is guilty of any deceit forfeits to the party injured treble damages. Clearly that is a forfeiture or penalty provision. As pointed out by the District Court, the forfeiture or penalty comes within the specific provision of § 27-2-211(a), MCA. In addition, we point out that even if this were construed as a liability created by statute other than a penalty or forfeiture, it still falls within the two-year limitation period as above quoted in § 27-2-211, MCA.

We therefore affirm the holding of the District Court that Mr. Barrett's claims for deceit were barred by the statute of limitations contained in § 27-2-211, MCA.

Affirmed.

Justice

We Concur:

Chief Justice

13

_Kaila M. Gray_
_____

_____
Justices

Justice Terry N. Trieweiler specially concurring and dissenting.

I concur with the majority's disposition of appellant's claims based on common law fraud and negligent misrepresentation. However, my concurrence is not based upon the reasoning found in the majority opinion.

I would conclude as a matter of law that there was no claim for fraud and no negligent misrepresentation because there was no reliance by appellant on respondent's alleged misrepresentations.

In this case, respondent's representations were made to the District Court and the Supreme Court, and were relied upon by the Supreme Court when it reversed appellant's original jury verdict. Therefore, it does not appear that the necessary elements of common law fraud and negligent misrepresentation exist in this case and I would not create a claim for damages based on "fraud upon the court."

I dissent from that part of the majority opinion which concludes that appellant's claim for damages pursuant to § 37-61-406, MCA, is barred by the statute of limitations.

Our reversal of the original verdict for appellant was based on the following representations by respondent:

> On December 16, 1986, ASARCO learned the names of six witnesses who allegedly had information about various incidents of dishonesty by Barrett during his employment and within three years of his termination date. These incidents allegedly included lying to superiors about sleeping on shift and about taking sick leave, stealing several hundred dollars worth of tools and equipment from ASARCO, and requesting one of his crew members to also steal for him.

*Barrett v. Asarco, Inc.* (1988), 234 Mont. 229, 232, 763 P.2d 27, 29.

15

Based upon the District Court's exclusion of those six witnesses, we vacated a verdict which had been returned in favor of appellant for $413,500. However, we did not enter judgment for the defendant; we remanded this case to the District Court for a new trial.

After this case was remanded, and prior to the second trial, appellant deposed five of the six witnesses whose proposed testimony was the subject of respondent's first appeal. The sixth witness was out of state and unavailable. None of the five witnesses testified during their depositions as the respondent had indicated they would in its representations to the District Court and to this Court.

This case was not retried until November 13, 1989. During that trial only one of the six proposed witnesses testified and his testimony did not substantially conform to the representations about his testimony which had been made by respondent. That jury returned a verdict of $230,000 in favor of appellant. However, the judgment was not final until we affirmed it on October 25, 1990.

The statute of limitations which pertained to this cause of action provided for a period of two years within which to file a complaint. Section 27-2-211(1)(a), MCA. The period of limitation began to run when the claim accrued. However, the claim did not accrue until all elements of the claim existed. Section 27-2-102, MCA.

We previously held in *Kitchen Krafters v. Eastside Bank of Montana* (1990), 242 Mont. 155, 162, 789 P.2d 567, 571, that:

[T]he statute of limitations does not begin to run until all elements of a cause of action are in existence. For example, in a negligence action the plaintiff must prove four elements:

    1)    Existence of a duty
    2)    Breach of the duty
    3)    Causation
    4)    Damages.

*Thornock v. State* (1987), 229 Mont. 67, [72,] 745 P.2d 324, [327]. If these elements are not in existence, the plaintiff could not successfully bring a cause of action based upon negligence. Therefore, although one may be able to establish the existence and breach of a duty, he cannot successfully assert his cause of action until he has sustained an injury. Heckaman v. Northern Pacific Railroad (1933), 93 Mont. 363, [375,] 20 P.2d 258, [261].

It is necessary to prove these same elements in a cause of action based upon a breach of § 37-61-406, MCA (Penalty for deceit). However, in this case there was no way that the element of damages could be proven or even appreciated until the final resolution of this case after it was remanded to the District Court. Is there any doubt that if the second jury had found for ASARCO on the issue of liability, or if the amount of the second verdict had exceeded the amount of the first, that this same respondent would be moving for summary judgment on the grounds that no damages had been sustained?

Appellant has alleged that respondent misrepresented to the District Court and to this Court the substance of the testimony that would be offered from the six witnesses whose testimony was excluded. There has been a good deal of speculation by the District Court and by this Court about whether respondent did in fact misrepresent what it was told by the witnesses. However, this

17

case comes before this Court based on a summary judgment, and speculation about the merits of appellant's claim has no place in our decision. Whether there was in fact a misrepresentation by respondent is a question of fact. Drawing all reasonable inferences from the record, there is certainly sufficient evidence to submit that issue to a jury or fact finder.

The important fact, for purposes of this appeal, is that until the final judgment entered pursuant to the second trial, there was no basis upon which appellant could determine (1) his damages, or (2) whether or not he had in fact incurred damages. That final judgment date was October 25, 1990. Therefore, that is the date on which this action accrued.

Appellant's complaint was filed on March 1, 1991--well within the two year period provided for an action of this type.

For these reasons, I would reverse the judgment of the District Court and remand this case for a trial on the merits of appellant's claim that respondent violated § 37-61-406, MCA, and as a result damaged appellant.

_____
Justice

Justice William E. Hunt, Sr., concurs in the foregoing concurrence and dissent of Justice Trieweiler.

_____
Justice

18

December 29, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


P. Keith Keller
Keller, Reynolds, Drake, Sternhagen & Johnson
38 So. Last Chance Gulch
Helena, MT  59601

Gene A. Picotte
Attorney at Law
1066 Helena Ave.
Helena, MT  59601


Stuart L. Kellner and Chris D. Tweeten
Hughes, Kellner, Sullivan & Alke
P.O. Box 1166
Helena, MT  59624-1166


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
    Deputy