No. 05-048

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 231N

DONALD J. AVERY,

 Plaintiff and Appellant,

 v.

FLATHEAD COUNTY, HOWARD W. GIPE,
Individually, GARY D. HALL, Individually,
JONATHAN B. SMITH, Individually, ELAINE NELSON,
Individually,

 Defendants and Respondents.

APPEAL FROM:     District Court of the Eleventh Judicial District,
                 In and for the County of Flathead, Cause No. DV 2004-123 (C),
                 The Honorable Stewart E. Stadler, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Donald J. Avery (pro se), Kalispell, Montana

        For Respondent:

                Mikel L. Moore, Christensen, Moore, Cockrell, Cummings &
                Axelberg, P.C., Kalispell, Montana

                                        Submitted on Briefs: August 23, 2005

                                        Decided:  September 14, 2005

Filed:

        _____
                           Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2     Donald J. Avery (Avery) appeals from an order of the Eleventh Judicial District granting summary judgment in favor of Flathead County, and Flathead County employees Howard Gipe, Gary Hall, Jonathan Smith, and Elaine Nelson (hereafter collectively "County"). We affirm.

¶3     The sole issue on appeal is whether the District Court erred in granting summary judgment in favor of the County.

## PROCEDURAL AND FACTUAL BACKGROUND

¶4     Avery served as an Administrative Officer with Flathead County from February 11, 2002, to December 9, 2003. This action arises out of the Flathead County Commissioners' decision not to renew Avery's two-year Employment Agreement (Agreement). The initial Agreement between Avery and the County provided that "this Agreement shall be effective for two years from February 4, 2002 through February 3, 2004. The Board shall give the Employee at least 60 days written notice if the Employee will not be offered a contract at the expiration of this Agreement."

¶5     Due to personal reasons, Avery delayed his start date until February 11, 2002. Accordingly, the County changed the Agreement's start date from February 4, 2002, to

2

February 11, 2002. The County provided Avery with a duplicate original of the Agreement bearing the revised start date. At some time on or before December 10, 2003, the County also changed the end date to February 11, 2004, to reflect accurately the two-year term of the Agreement. The County failed to change the end date on Avery's duplicate original Agreement. Avery did not consent to these changes and was not present when the County made them.

¶6 Flathead County Commissioner Howard Gipe met with Avery on December 9, 2003, and informed him that the Commissioners expected to vote the following day not to renew Avery's Agreement. By letter personally served on Avery on December 10, 2003, the Commissioners informed him that the term of the original Agreement was February 11, 2002, through February 11, 2004. The Commissioners further informed Avery that his Agreement would not be renewed. The County paid Avery's salary and benefits through February 11, 2004.

¶7 Avery filed this action on February 25, 2004, alleging breach of contract, fraud, constructive fraud, negligent misrepresentation, and breach of the covenant of good faith and fair dealing. Avery alleged that the County's unilateral change to the end date of his Agreement resulted in him receiving only 55 days notice rather than the required 60 days notice. He further alleged that the Agreement automatically renewed when the County provided insufficient notice of non-renewal. The County filed a motion for summary judgment on August 20, 2004. The District Court granted the motion on November 4, 2004, reasoning that Avery suffered no damages as a result of the County's actions. Avery appeals.

**STANDARD OF REVIEW**

¶8 We review a district court's decision to grant summary judgment *de novo*, based on the same criteria applied by the district court. *Counterpoint, Inc. v. Essex Ins. Co.*, 1998 MT 251, ¶ 7, 291 Mont. 189, ¶ 7, 967 P.2d 393, ¶ 7 (citation omitted).

**DISCUSSION**

¶9 Avery, appearing *pro se*, argues that the District Court erred in granting summary judgment in favor of the County. Although Avery's exact allegations are difficult to distill from his brief, he essentially argues that a genuine issue of material fact exists regarding whether the Agreement automatically renewed if the County provided insufficient notice of non-renewal. Avery also argues that he suffered damages as a result of receiving only 55 days notice rather than 60.

¶10 Damages represent an essential element to all of Avery's claims. *See Sebena v. American Auto. Ass'n* (1996), 280 Mont. 305, 310, 930 P.2d 51, 54 (breach of contract claim) (citation omitted); *May v. Era Landmark Real Estate of Bozeman*, 2000 MT 299, ¶ 21, 302 Mont. 326, ¶ 21, 15 P.3d 1179, ¶ 21 (fraud) (citation omitted); *Hartfield v. City of Billings* (1990), 246 Mont. 259, 263, 805 P.2d 1293, 1296 (constructive fraud); *Barrett v. Holland & Hart* (1992), 256 Mont. 101, 107, 845 P.2d 714, 717-18 (negligent misrepresentation) (citation omitted); *Story v. City of Bozeman* (1990), 242 Mont. 436, 450-51, 791 P.2d 767, 775-76 (breach of implied covenant of good faith and fair dealing claim). Failure to satisfy all of the elements of a claim causes the claim to fail as a matter of law. *See Estate of Schwabe v. Custer's Inn*, 2000 MT 325, ¶ 27, 303 Mont. 15, ¶ 27, 15 P.3d 903, ¶ 27.

4

¶11 The amount equal to what the party would receive if the contract had been fully performed constitutes the measure of damages for the breach of an obligation arising from a contract. *Arrowhead Sch. Dist. #75, Park Co. v. Klyap*, 2003 MT 294, ¶ 20, 318 Mont. 103, ¶ 20, 79 P.3d 250, ¶ 20 (citation omitted); *see also* § 27-1-311, MCA. For the breach of an obligation not arising from a contract, the amount that will compensate a party for all the detriment proximately caused thereby, regardless of whether it could have been anticipated, provides the measure of damages. Section 27-1-317, MCA.

¶12 The District Court determined that Avery has suffered no damages from the alleged unlawful actions of the County. Avery has failed to present any evidence whatsoever to contradict this determination. Even assuming Avery's allegations are true, and that he was only given 55 days notice rather than 60, he would be entitled only to compensation equal to what he would have received if the County had provided the full 60-day notice--60 days of salary and benefits. Avery does not dispute that the County continued to pay his full salary and benefits for 60 days following the notice of non-renewal. Thus, Avery has suffered no damages and his claims fail as a matter of law. *See Estate of Schwabe*, ¶ 27.

¶13 Moreover, Avery's assertion that the County's alleged insufficient notice results in automatic renewal of the Agreement is without merit. Nothing in the provision that Avery relies upon provides for automatic renewal in the event of its breach.

¶14 We therefore affirm the District Court's order granting summary judgment to the County.

¶15 Affirmed.

/S/ BRIAN MORRIS

5

We Concur:


/S/ JOHN WARNER
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON