FILED

May 24 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0553

DA 15-0553

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 122N

KRISTINE DAVENPORT,

      Plaintiff and Appellant,

    v.

STEPHEN J. DAVIDSON,

      Defendant, Appellee and
      Cross-Appellant.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
                In and For the County of Lincoln, Cause No. DV-06-004(C)
                Honorable Heidi J. Ulbricht, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Kristine Davenport (Self-Represented), Missoula, Montana

      For Appellee:

            Leonard H. Smith, Crowley Fleck, PLLP, Billings, Montana

                       Submitted on Briefs:  April 6, 2016

                               Decided:  May 24, 2016

Filed:

_____
                      Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Kristine Davenport appeals from the Memorandum Decision and Order of the Montana Nineteenth Judicial District Court, Lincoln County, denying summary judgment to Davenport and granting summary judgment to Davidson.  We affirm.

¶3      On August 28, 2002, a piece of Davenport's tooth broke and the filling inside dislodged.  The following day she sought treatment from Davidson, a dentist.  Davidson advised Davenport he believed her tooth was dead and he recommended a root canal to restore the tooth.  Davenport firmly did not believe her tooth was dead and requested Davidson restore the filling without a root canal, to which he declined.  After further damage to her tooth occurred, Davenport ultimately sought care from another dentist who confirmed Davenport's belief that her tooth was salvageable without a root canal.  On August 24, 2005, Davenport filed a complaint against Davidson with the Montana Medical Legal Panel.  After the Panel rendered its decision, she filed a complaint against Davidson in District Court alleging three separate counts:  deceit; malice; and fraud.  The parties filed cross-motions for summary judgment, and on May 22, 2015, the District

Court issued its order denying Davenport's motion, but granting Davidson's motion for summary judgment.

¶4 This Court reviews a district court's grant of summary judgment de novo, and applies the same criteria of M. R. Civ. P. 56 as the district court. *Pilgeram v. GreenPoint Mortg. Funding, Inc.*, 2013 MT 354, ¶ 9, 373 Mont. 1, 313 P.3d 839. Summary judgment should be granted if the pleadings, discovery and disclosure materials on file, and any affidavits establish there is no genuine issue of material fact, of which the non-movant is unable to rebut, and the movant is entitled to judgment as a matter of law. *Pilgeram*, ¶ 12. All reasonable inferences must be drawn in favor of the non-movant. *Pilgeram*, ¶ 12.

¶5 Amongst other elements, claims for fraud and deceit require a plaintiff to believe a representation to be true, and then detrimentally rely on that representation. *In re Estate of Kindsfather*, 2005 MT 51, ¶ 17, 326 Mont. 192, 108 P.3d 487; *Russell v. Sunburst Ref. Co.*, 83 Mont 452, 469, 272 P. 998, 1006 (1928). Davidson represented a diagnosis and a necessary course of action to cure an undisputed problem with Davenport's tooth. However, Davenport unequivocally asserts she did not believe Davidson's representations were true. Furthermore, even if Davenport's allegations are assumed to be true and Davidson fraudulently and deceitfully represented that Davenport's tooth was dead and the only remedy was a root canal, Davenport did not choose to undergo the recommended procedure, nor did she even see Davidson again. For reasons unknown, Davenport chose to take no course of action until further damage to the tooth occurred.

Simply put, she chose a path exactly opposite from Davidson's representations, as was her right, but it cannot be construed as detrimental reliance.

¶6  Additionally, Davenport had the means at hand to ascertain the truth of Davidson's representation.  "When a party claims to have been deceived to his prejudice, and it appears that he had the means at hand to ascertain the truth of representations made to him, his reliance upon such representations, however false they may have been, affords no grounds for relief."  *Barrett v. Holland & Hart*, 256 Mont. 101, 106, 845 P.2d 714, 717 (1992).  Because Davenport is unable to establish a necessary element of her claims of fraud and deceit, both claims fail as a matter of law.  Therefore, summary judgment in favor of Davidson is appropriate.

¶7  Finally, the District Court properly concluded malice is not a standalone tort claim under Montana law, and rather is an element of a claim for punitive damages that is contingent upon the success of an underlying claim.  Sections 27-1-220, -221, MCA.  Therefore, because no underlying claim remains to support a parasitic claim of malice, its dismissal by summary judgment is also proper.

¶8  We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶9  Affirmed.

/S/ MICHAEL E WHEAT

4

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE