No. 94-153

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

ELIZABETH ANNE RUCINSKY,

      Plaintiff and Appellant,

  -vs-

RAYMOND A. HENTCHEL,

      Defendant and Respondent.

APPEAL FROM:  District Court of the Twelfth Judicial District,
In and for the County of Hill,
The Honorable John Warner, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Robert D. Morrison; Morrison Law Firm,
Havre, Montana

      For Respondent:

          Robert J. Vermillion; Smith, Walsh, Clarke &
Gregoire, Great Falls, Montana

**FILED**

SEP 15 1994

Filed:

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  July 6, 1994

Decided:  September 15, 1994

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Elizabeth Ann Rucinsky (Rucinsky) appeals the order of the Twelfth Judicial District Court, Hill County, dismissing her invasion of privacy action pursuant to § 27-2-204, MCA. We affirm.

The sole issue presented is whether the District Court erred in granting Raymond Hentchel's (Hentchel) motion for summary judgment on the basis that the applicable three-year statute of limitations period began to run in 1988, rather than 1992, thereby barring Rucinsky's cause of action.

From 1986 to 1988, Rucinsky and Hentchel were in a dating relationship. In January 1988, Hentchel met Rucinsky at the Great Falls airport to drive her home to Havre after an out-of-state business trip. Rucinsky testified that, on the ride home, Hentchel was very upset, accused her of seeing other men, and told her that he had "bugged," or planted a listening device in her phone and her bed, and had someone watching her through her bedroom window. Rucinsky requested to hear the tape recordings of her phone conversations, and Hentchel agreed to play them for her, however neither party pursued the issue further. Rucinsky testified she did not take Hentchel seriously at the time because all of his claims, taken together, seemed ludicrous and exaggerated. Several weeks later Hentchel and Rucinsky ended their relationship.

In January or February, 1992, Julie, Hentchel's wife at that time, called Rucinsky to inform her that she had discovered cassette tapes of Rucinsky's phone conversations in a locked

drawer. According to Julie, some tapes were labeled with Rucinsky's name while others were labeled with Julie's name, indicating that Hentchel had recorded both Rucinsky's and Julie's phone conversations. In his deposition, Hentchel admitted that during their relationship he had recorded some of Rucinsky's phone conversations. He also confessed to recording Julie's phone conversations for several months after they were married.

On November 23, 1992, Rucinsky filed a complaint in District Court claiming that Hentchel violated her privacy by taping her telephone conversations. The District Court granted Hentchel's motion for summary judgment holding Rucinsky's action was barred by the three-year statute of limitations. Rucinsky appeals.

A motion for summary judgment is properly granted only when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), M.R.Civ.P. The party opposing the summary judgment is entitled to have any inferences drawn from the factual record resolved in her favor. Boylan v. Van Dyke (1991), 247 Mont. 259, 266, 806 P.2d 1024, 1028.

Pursuant to § 27-2-204, MCA, the applicable statute of limitations period for an action on a liability not founded upon an instrument in writing is three years. Pursuant to § 27-2-102(2), MCA, the period of limitation begins when the cause of action accrues. Section 27-2-102(1)(a), MCA, states in relevant part that a cause of action accrues when all its elements exist or have occurred, the right to maintain an action is complete, and a court

3

is authorized to accept jurisdiction.

An invasion of privacy cause of action is defined as a "wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities." Sistok v. Northwestern Telephone Systems, Inc. (1980), 189 Mont. 82, 92, 615 P.2d 176, 182. Hentchel contends that the statutory period began in 1988 when he first informed Rucinsky of the recordings. Rucinsky contends that a reasonable person would not have taken Hentchel seriously at that time and, therefore, the statutory period did not begin until 1992 when the recordings were discovered. Until that time, Rucinsky argues, there was insufficient evidence to support a "right to maintain an action," pursuant to § 27-2-102(1)(a), MCA.

In 1988, Hentchel confessed to Rucinsky that he was tapping her phone. In addition to the confession, Rucinsky testified that there were times when Hentchel mysteriously "appeared" on the scene even though Rucinsky had not previously informed him of her intended plans. Rucinsky testified that her suspicions were further intensified when Hentchel recited one of her private conversations verbatim, but she concluded that perhaps he was merely listening at the door.

Phone tapping of private, confidential conversations constitutes a wrongful intrusion into one's private activities in a manner likely to cause outrage, mental suffering, shame, or humiliation to an ordinary person. See Sistok, 615 P.2d at 182; LaCrone v. Ohio Bell Telephone Co. (Ohio Ct. App. 1961), 182 N.E.2d

4

15; Housh v. Peth (Ohio 1956), 133 N.E.2d 340. That Rucinsky chose not to believe Hentchel's confession does not negate the "existence of the elements" of her cause of action in 1988. Section 27-2-102(1)(a), MCA. Police testimony and the record demonstrate that in 1988 Rucinsky was suspicious or had reasonable grounds to be suspicious that her privacy had been invaded. We conclude that Rucinsky had the "right to maintain her action" in 1988 when she was put on notice that Hentchel taped her conversations. The right to the cause of action began regardless of whether she was convinced of the success of such an action.

Alternatively, Rucinsky contends that Hentchel's fraudulent concealment tolled the statutory period until 1992 when the tapes actually were discovered. The doctrine of fraudulent concealment, as recognized in Montana, tolls the statute of limitations until the cause of action is discovered or could have been discovered through due diligence. Knight v. City of Missoula (1992), 252 Mont. 232, 239, 827 P.2d 1270, 1274; citing Johnson v. St. Patrick's Hospital (1966), 148 Mont. 125, 129, 417 P.2d 469, 471. Section 27-2-102(3), MCA, is essentially a codification of the common law doctrine of fraudulent concealment as it applies to the tolling of the statutory period:

> The period of limitation does not begin on any claim or cause of action for an injury to person or property until the facts constituting the claim have been discovered or, in the exercise of due diligence, should have been discovered by injured party if:
>
> . . .
>
> (b) . . . the defendant has taken action which prevents the injured party from discovering the injury or

5

its cause.

Section 27-2-102(3), MCA.

Rucinsky contends that the recordings were the only reliable evidence for her invasion of privacy claim, they were fraudulently concealed by Hentchel in his locked drawer until discovered by Julie in 1992, and, therefore, the statutory period was tolled until that discovery. We disagree.

In 1988, when Hentchel confessed to the phone tapping, Rucinsky declared that she would like to hear the tapes "sometime." Hentchel responded that he would play them for her. Based on these facts, Rucinsky's argument that Hentchel concealed the tapes fails because he told her he had them and agreed to her request to hear them. Within several weeks, Hentchel and Rucinsky ended their relationship. Hentchel eventually married Julie, and, in their home, he stored the tapes in his private, locked drawer. Hentchel did not conceal the tapes; he maintained their control. His actions do not support concealment as Rucinsky argues.

Accordingly, the District Court was correct in granting Hentchel's motion for summary judgment, thereby dismissing Rucinsky's invasion of privacy cause of action.

We affirm the District Court.

_John Conway Harrison_
Justice

We concur:

_J.A. Turnage_
Chief Justice

6

Karla M. Gray

Justices

Justice William E. Hunt, Sr., dissenting.

I dissent from the majority opinion. Rucinsky first learned of the telephone tapping from Hentchel in 1988, during a heated discussion about her alleged infidelity. During this discussion, Hentchel also claimed that he had someone watching Rucinsky through her bedroom window, and that he had planted a listening device in her mattress. Rucinsky asked to hear the telephone tap tapes. Although Hentchel agreed to produce the tapes, he never did. Likewise, no one was discovered watching Rucinsky through her bedroom window, and no listening device was discovered in her mattress. As a result, Rucinsky did not take Hentchel's claims seriously. However, four years later, on February 8, 1992, Hentchel's wife, Julie, discovered the tapes hidden under lock and key in a dresser drawer. Julie Hentchel then shared her discovery with Rucinsky. Four years after Hentchel made his claims, Rucinsky had proof that the tapes existed and that her privacy had been invaded.

On November 23, 1992, within nine months of hearing the tapes for the first time, Rucinsky filed her complaint claiming Hentchel violated her privacy by recording her phone conversations.

Pursuant to Rule 11, M.R.Civ.P., a complaint must be "well grounded in fact." Rucinsky's complaint could not have possibly been well grounded in fact had she filed within the three year period from the time Hentchel claimed he had recorded her telephone calls, spied on her bedroom, and bugged her mattress. However, the

complaint Rucinsky filed on November 23, 1992, was clearly well grounded in fact, given Julie Hentchel's discovery.

For the purpose of statutes of limitation, a cause of action accrues when all the elements of the cause exist and the right to maintain an action on the cause is complete. Section 27-2-102(1)(a), MCA. Invasion of privacy constitutes a wrongful intrusion into private activities that outrages a person of ordinary sensibilities and causes mental suffering, shame, or humiliation. Sistok v. Northwestern Telephone Systems, Inc. (1980), 189 Mont. 82, 92, 615 P.2d 176, 182. The elements of this cause of action came into existence when Rucinsky heard the tapes for the first time on February 8, 1992. Prior to this time Rucinsky understandably dismissed Hentchel's claim of phone tapping, as she did his other false claims.

A statute of limitations is tolled when a defendant fraudulently conceals the facts constituting the claim or prevents the injured party from discovering the injury or its cause. The statute remains tolled until the cause of action is discovered or could have been discovered through due diligence. Section 27-2-102(3)(a) and (b), MCA; see also Knight v. City of Missoula (1992), 252 Mont. 232, 239, 827 P.2d 1270, 1274; Johnson v. St. Patrick's Hospital (1966), 148 Mont. 125, 129, 417 P.2d 469, 471. Although Hentchel promised to deliver the tapes to Rucinsky in 1988, he failed to deliver. Instead, he kept the tapes locked away and concealed from not only Rucinsky, but also from his wife, whose phone conversations he had also recorded. By failing to

9

deliver the tapes as promised, and by concealing the tapes under lock and key thereafter, Hentchel prevented Rucinsky from discovering the injury or its cause. This constitutes fraudulent concealment sufficient to toll the statute of limitations until February 8, 1992.

I would reverse the District Court's granting of Hentchel's motion for summary judgement.

_____
                    Justice

Justice Terry N. Trieweiler joins in the foregoing dissent.

_____
                    Justice

10