No. 96-282

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

DONNA McMILLAN,

Plaintiff and Appellant,

vs.

WILLIAM GALLEA,

Defendant and Respondent.

FILED

MAY 13 1997

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Ed McLean, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Bruce L. Hussey, Missoula, Montana

For Respondent:

James E. Aiken, Jardine, Stephenson, Blewett & Weaver, Great Falls,
Montana

Submitted on Briefs: November 21, 1996

Decided:    May 13, 1997

Filed:

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

This is an appeal from the Fourth Judicial District Court, Missoula County. Following a hearing, the District Court granted Defendant's motion for summary judgment. From this judgment, Plaintiff appeals. We affirm.

The sole issue raised on appeal is whether the District Court erred by granting Defendant William Gallea's motion for summary judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff/Appellant Donna McMillan (McMillan), admitted herself into the Community Medical Center's Emergency Department on February 17, 1993, for abdominal cramping and pain. Brenda Smith, a co-worker, accompanied McMillan to the hospital. While Defendant/Respondent Dr. William Gallea (Gallea) attended other patients, a nurse interviewed McMillan to gather her medical history for the purpose of diagnosis. In response to questions concerning a possible pregnancy, McMillan informed the nurse that pregnancy was not a possibility because she was a lesbian.

Subsequently, while working at the nurse's station in the emergency room, the nurse informed Gallea of McMillan's medical history, including her sexual preference. Apparently,

2

Brenda Smith, McMillan's co-worker, overheard this conversation. Prior to discharging McMillan, Gallea entered McMillan's room to discuss his findings with her and noticed that Brenda Smith was in the room also. Due to his concerns regarding the confidentiality of McMillan's medical information, Gallea attempted to determine Brenda Smith's relationship with McMillan by asking McMillan, "Is this your partner?" McMillan responded that Brenda Smith was a co-worker.

Based on these two incidents, McMillan filed a complaint on November 14, 1994, raising four claims against Gallea: medical malpractice, invasion of privacy, breach of contract, and sexual harassment. On December 30, 1994, Gallea answered, denying all allegations and raising several affirmative defenses. On July 5, 1995, McMillan identified her expert witnesses as any expert witness identified by Gallea and any expert needed for rebuttal. On October 13, 1995, Gallea moved for summary judgment. On October 27, 1995, McMillan responded to Gallea's motion for summary judgment, stating she would not pursue the sexual harassment claim and moving for summary judgment in her favor. Subsequently, the District Court held a hearing concerning summary judgment on the remaining three claims on January 22, 1996. On March 12, 1996, the District Court entered its Opinion, Order and Judgment of Dismissal granting Gallea summary judgment. From this judgment, McMillan appeals. We affirm.

## DISCUSSION

**Did the District Court err by granting Gallea's motion for summary judgment?**

admitted for emergency treatment. Additionally, the District Court concluded that the exception to the requirement of third party expert testimony to establish a standard of care as set forth in Hunter v. Missoula Community Hosp. (1988), 230 Mont. 300, 750 P.2d 106, did not apply. See <u>Hunter</u>, 750 P.2d at 109 (recognizing the proposition that third party expert testimony is not necessary if a defendant doctor's own testimony establishes the standard of care and departure from it). The District Court also noted that McMillan chose to rely on Gallea's expert witnesses rather than presenting her own, and, therefore, concluded that she would fail to establish her burden of proof. Consequently, the District Court held that Gallea was entitled to summary judgment on the medical malpractice claim.

Relying on <u>Hunter</u>, McMillan argues that third party expert testimony is not necessary in this case because Gallea's own testimony established the standard of care and his departure from it. Therefore, McMillan argues that the District Court erred by concluding that the exception in <u>Hunter</u> did not apply to this case. Gallea responds that the District Court correctly concluded that the <u>Hunter</u> exception did not apply to this case and properly granted Gallea summary judgment.

We hold that the District Court correctly concluded that expert testimony was required to establish the standard of care for communication of sensitive medical information in an emergency room between emergency care-givers and their patients and that because McMillan did not intend to provide her own experts, she would not meet her burden of proof and her claim would fail. Furthermore, we agree with the District Court that nothing in

5

Gallea's deposition testimony established the standard of care for confidential communications in a hospital emergency room or his violation of that standard. Consequently, the District Court correctly concluded that the exception stated in Hunter, upon which McMillan relies, does not apply. Accordingly, we affirm the District Court's conclusion that Gallea is entitled to summary judgment on Count I.

Additionally, McMillan raises two more arguments to support her position that expert testimony was not needed in this case. First, McMillan argues that the "common sense" exception to the requirement of expert testimony applies in this case. Second, McMillan argues that Gallea's conduct was a statutory violation of acceptable conduct. See § 37-3-322(24), MCA (1993). Upon review of McMillan's brief opposing summary judgment and the transcript of the District Court hearing held January 22, 1996, we conclude that McMillan did not present either of these arguments to the District Court. Consequently, we will not address these arguments because they are presented for the first time on appeal. Rasmussen v. Lee (1996), 276 Mont. 84, 88, 916 P.2d 98, 100.

## COUNT II--INVASION OF PRIVACY

The District Court held that before a fact finder could reach a conclusion that Gallea "published" confidential information regarding McMillan's sexual orientation during his emergency treatment of her, McMillan must show, through expert testimony, both the standard of confidentiality and Gallea's breach of that standard. That is, the District Court held that McMillan must present expert testimony establishing the "duty to insure the

6

of privacy and properly granted summary judgment.

The elements of an invasion of privacy claim are a "wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities." State Bd. of Dentistry v. Kandarian (1994), 268 Mont. 408, 413, 886 P.2d 954, 957 (quoting Rucinsky v. Hentchel (1994), 266 Mont. 502, 505, 881 P.2d 616, 618). See also Sistok, 615 P.2d at 182 (quoting LaCrone v. Ohio Bell Tel. Co. (Ohio Ct. App. 1961), 182 N.E.2d 15, 17). Upon consideration of McMillan's argument that the District Court erroneously dismissed her invasion of privacy claim for lack of "publication," an element not required to prove invasion of privacy, we note that McMillan drafted her complaint concerning her invasion of privacy claim as follows:

> 7. The Defendant *publicized* the Plaintiff's private affairs with which the general public has no legitimate concern.
> 8. That the *publication* of the secret caused the Plaintiff mental suffering, shame and humiliation. [Emphasis added.]

McMillan now argues that the District Court erroneously dismissed this claim for lack of "publication." We have previously held that "[a] party complaining of error must stand or fall upon the grounds relied upon in the trial court." State ex rel. Dept. of Health v. Lasorte (1979), 182 Mont. 267, 276, 596 P.2d 477, 482. Consequently, having addressed in her complaint the element of "publication" to establish her invasion of privacy claim, McMillan cannot now assert error on the part of the District Court for similarly addressing the element.

In addition to its discussion concerning the element of "publication," the District Court ultimately held that because McMillan did not intend to present expert testimony to establish

a standard of confidentiality for emergency room communication and what constituted a breach thereof, her invasion of privacy claim would fail. We find unpersuasive McMillan's argument that expert testimony is not needed because an invasion of privacy claim is based on harm to a "person of ordinary sensibilities." Moreover, as we stated in Count I, Gallea's deposition testimony established neither the standard of care for confidential communications in a hospital emergency room nor his violation of that standard. Therefore, contrary to McMillan's assertion, the exception stated in Hunter does not apply.

Rather, to prove her invasion of privacy claim, McMillan needed to establish the standard of confidentiality for emergency room communications and what would constitute a breach thereof. Because McMillan intended only to use Gallea's expert witnesses rather than present her own, she could not establish the standard of confidentiality nor could she establish what constituted a breach of that standard. Consequently, the District Court correctly concluded that without expert witness testimony McMillan could not prove that Gallea invaded her privacy. Accordingly, we affirm the District Court's conclusion that Gallea is entitled to summary judgment on Count II.

Alternatively, McMillan makes two additional arguments: (1) the "common sense" exception applies to this claim; and (2) Gallea was under a statutory obligation to preserve the confidentiality of the physician-patient relationship. Upon review of McMillan's brief opposing summary judgment and the transcript of the District Court hearing held January 22, 1996, we again conclude that McMillan did not present either of these arguments to the

9

District Court. As we stated previously, because these arguments are raised for the first time on appeal, we will not address them. Rasmussen, 916 P.2d at 100.

## COUNT III--BREACH OF CONTRACT

McMillan argues that whether an implied contract exists in this case is a question of fact for the jury. Additionally, McMillan argues that a jury must decide the scope and nature of the contractual relationship between a doctor and a patient. An appellant carries the burden of establishing error by the trial court. Furthermore, Rule 23, M.R.App.P., requires the appellant to cite to authority supporting each position advanced on appeal. Here, McMillan has failed to do so. Consequently, we will not address this argument.

In sum, the District Court properly concluded that because McMillan did not intend to present her own expert witness testimony concerning emergency room standards of confidentiality, she would be unable to meet her burden of proof for any one of her three claims against Gallea. Accordingly, we hold that the District Court properly granted Gallea's motion for summary judgment.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

Justices

May 13, 1997

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

BRUCE L. HUSSEY
ATTORNEY AT LAW
P O BOX 7995
MISSOULA MT 59807-7995

JAMES E. AIKEN, ESQ.
JARDINE, STEPHENSON, BLEWETT & WEAVER P C
P O BOX 2269
GREAT FALLS MT 59403-2269

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: *T. Gallagher*
Deputy