FILED

February 24 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 08-0164

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 48

_____

CHARLES CHRISTIAN HOPKINS,

        Plaintiff and Appellant,

   v.

SUPERIOR METAL WORKINGS SYSTEMS, L.L.C.,
dba SMW SYSTEMS,

        Defendant and Appellee.

_____

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DV 05-427
Honorable John C. Brown, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        John L. Amsden; Beck & Amsden, Bozeman, Montana

        For Appellee:

        Patrick M. Sullivan; Poore, Roth & Robinson, Butte, Montana

_____

Submitted on Briefs:  January 22, 2009

Decided:  February 24, 2009

Filed:

_____
               Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    Charles Christian Hopkins was injured when a heavy piece of metal was accidentally released from the chuck of an industrial lathe and fell on his arm. He sued Superior Metal Workings Systems (SMW) on a claim of strict products liability. This is an appeal by Hopkins from the order of the Eighteenth Judicial District Court, Gallatin County, granting summary judgment to SMW and dismissing Hopkins' action. We reverse and remand for further proceedings.

## ISSUES

¶2    Hopkins presents several issues for review, one of which we find dispositive and restate as follows: Whether the District Court properly granted summary judgment to SMW on the ground that Hopkins failed to properly present expert opinion to oppose SMW's motion for summary judgment.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3    SMW manufactured and sold a chuck, which is a device designed to hold large and heavy pieces of metal in place for cutting in industrial lathes. Hopkins' employer Hogin Machine installed an SMW pneumatic chuck, and a separate foot control for opening and closing the chuck, in an industrial lathe in the facility where Hopkins worked. In 2004 while cleaning metal shavings from under the lathe, Hopkins accidentally touched the chuck release pedal with his foot, causing the chuck to release a large heavy piece of metal that fell onto his forearm. He sustained serious injury to his arm. Hopkins' suit claims that SMW's chuck was unreasonably dangerous because it could release large heavy pieces of metal with

2

the single touch of a foot pedal, and that SMW failed to warn installers of the chuck to incorporate a system that would require multiple inputs before it could be released.

¶4 The parties conducted discovery including designation of experts, disclosure of expert reports, and SMW's depositions of Hopkins' experts. After the close of discovery, SMW filed simultaneous motions to exclude Hopkins' experts and for summary judgment. Both motions were separately briefed. After a hearing, the District Court granted SMW's motion for summary judgment and dismissed Hopkins' case, without ruling on the motion to exclude experts.

## STANDARD OF REVIEW

¶5 We review a district court's grant of summary judgment de novo, applying the same criteria applied by the district court under M. R. Civ. P. 56. *Arnold v. Yellowstone Mountain Club*, 2004 MT 284, ¶12, 323 Mont. 295, 100 P.3d 137. The moving party must establish the absence of genuine issues of material fact and entitlement to judgment as a matter of law. When the moving party has met this burden, the opposing party must present material evidence, rather than mere conclusory or speculative statements, to raise a genuine issue of material fact to defeat the motion. *State Farm Mutual v. Gibson*, 2007 MT 153, ¶ 9, 337 Mont. 509, 163 P.3d 387. A material fact is one that involves the elements of the cause of action or defense to the extent that it requires resolution by the trier of fact. *Arnold*, ¶ 15. All reasonable inferences that may be drawn from the evidence must be drawn in favor of the party opposing summary judgment. *Schmidt v. Washington Contractors Group*, 1998 MT 194, ¶ 7, 290 Mont 276, 964 P.2d 34.

3

**DISCUSSION**

¶6 The District Court granted SMW's motion for summary judgment below on the primary ground that Hopkins failed to oppose the motion with any expert affidavit or testimony to establish that the chuck was defective or unreasonably dangerous. The court held that Hopkins could not rely on an expert witness report filed as part of a required witness disclosure, and that Hopkins' experts had no opinion on whether the chuck was defective.

¶7 A party opposing summary judgment is required to produce actual evidence if his intent is to establish that there is a genuine issue of material fact that must be decided by the trier of fact. *State Farm Mutual*, ¶ 9. Summary judgment should be "rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits" show there is no issue of fact and the moving party is entitled to relief. M. R. Civ. P. 56(c). The clear intent of Rule 56 is that the factual materials submitted in support of or in opposition to summary judgment must meet a minimum standard of trustworthiness and must be "on file" with the court. Generally, providing the court with affidavits, relevant depositions or excerpts from them, or discovery responses as provided in M. R. Civ. P. 56(c) and (e), along with briefs and arguments on the relevant law is sufficient.

¶8 In the proceedings below, Hopkins disclosed two experts who jointly authored a report and expressed their opinions that the chuck was defective and was sold without adequate warnings to installers. In the materials filed in response to the motion to exclude, Hopkins identified his experts as Frank West and Tim Gambrell. Both worked for TUV,

America, a testing laboratory authorized by the Occupational Safety & Health Administration as a Nationally Recognized Testing Laboratory capable of performing product safety testing according to recognized national standards. West has an engineering degree and is the North American Industrial Machinery Manager for TUV. It is his job to oversee the engineering group that makes technical decisions regarding safety standard compliance for industrial and machine products. Gambrell is a senior field evaluation engineer for TUV, he has a degree from Montana State University, and is certified as a product safety engineer. SMW deposed both experts and questioned them under oath about their report and opinions.

¶9 After the close of discovery, SMW filed a motion to exclude Hopkins' experts and a simultaneous but separate motion for summary judgment. Both motions were separately briefed by the parties. Hopkins submitted materials and briefs in opposition to the motion to exclude experts along with the reports of his experts and excerpts from their sworn depositions. While Hopkins did not separately refile those materials in opposition to the motion for summary judgment, the District Court had this information "on file" in its record when deciding the motion for summary judgment. All of Hopkins' briefs and materials in opposition to the motion to exclude experts and the motion for summary judgment were filed in the District Court record the same day.

¶10 The District Court held a hearing on SMW's motion for summary judgment and during the hearing asked Hopkins' attorney to identify the source of the expert opinions he relied upon to oppose summary judgment. Hopkins' attorney replied only that the experts'

5

opinions were contained in a previously filed expert witness disclosure. He did not reference the depositions of these experts or the materials that had been filed in response to the motion to exclude and did not ask that they be incorporated as part of Hopkins' response in opposition to SMW's motion for summary judgment.

¶11 Nevertheless, the District Court's record clearly contained materials filed by Hopkins in response to the motion to exclude experts. In the depositions, the experts had explained that the foot pedal operating system for releasing the chuck was dangerous; that the chuck should not be installed without a system that required multiple inputs before release; and that SMW should have warned installers of the chuck that it was dangerous without a system to prevent inadvertent release.

¶12 West and Gambrell jointly authored both an expert report of January 15, 2007, and a supplemental report of August 8, 2007, describing their opinion that operating an SMW pneumatic chuck on an industrial lathe, as Hopkins found at his job, creates unnecessary and unacceptable dangers to users. Their opinion from the reports and their depositions taken on June 12, 2007, was that SMW should have designed the chuck to incorporate a mechanism that required multiple inputs before it would release instead of allowing release after a single input like an inadvertent foot bump. West and Gambrell further stated their opinion that SMW should have warned installers of its chuck to install it only with a multiple-input release to prevent inadvertent releases such as happened in Hopkins' case. West and Gambrell also described a simple electronic circuit control that could be made for about $50 that would require two hand inputs to release the chuck and still allow a single user to

6

manipulate the work piece safely.

¶13 These materials were before the District Court and clearly the court was aware of them. The court quoted testimony from the transcripts of the depositions of Hopkins' two experts in the order granting summary judgment. Furthermore, the court's specific findings that Hopkins' experts did not have any opinion on whether the chuck was dangerous or whether SMW failed to give adequate warnings was in error. As noted, both the experts' report and their deposition testimony clearly state their opinions that warnings to installers were required and were not given. Those materials, including the expert report, the supplemental expert report and excerpts from the depositions of both experts, were sufficient to raise a genuine issue of fact as to whether the chuck was unreasonably dangerous.

¶14 The District Court was required to examine all materials "on file" that met the requirements of Rule 56, and failure to properly examine pertinent, credible and sufficient materials "on file" in its record prior to granting summary judgment and dismissing the action was error. We make no finding as to the relative qualifications of the parties' experts, as to the relative strength or persuasiveness of the experts' opinions, or as to the ultimate merits of the claims or defenses.

¶15 Reversed and remanded for further proceedings consistent with this opinion.


/S/ MIKE McGRATH

We concur:

7

/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS