DA 12-0714

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 232

CARL W. KANANEN,

      Plaintiff and Appellant,

  v.

KAREN A. SOUTH, ALTA MAE PALLETT
and WESTERN SURETY COMPANY,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Tenth Judicial District,
In and For the County of Fergus, Cause No. DV 12-47
Honorable E. Wayne Phillips, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jack R. Stone, Attorney at Law, Lewistown, Montana

      For Appellee:

          Joan E. Cook, Law Office of Joan E. Cook, Missoula, Montana
(*Counsel for Appellee, Karen A. South*)

          Kris A. Birdwell, Stogsdill Law Office, Lewistown, Montana
(*Counsel for Appellees Alta Mae Pallett and Western Surety Company*)

Submitted on Briefs:  May 29, 2013
Decided:  August 20, 2013

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Carl Kananen (Kananen) appeals from the judgment of the Tenth Judicial District Court, Fergus County, granting a motion to dismiss filed by Karen South, Alta Mae Pallett, and Western Surety (collectively "Defendants"). We affirm in part and reverse in part, and address the following issues:

¶2 *Issue One: Did the District Court err by dismissing Kananen's fraud claim on the basis of the statute of limitations?*

¶3 *Issue Two: Did the District Court err by not conducting a hearing on the Rule 12(b)(6) motion to dismiss?*

¶4 *Issue Three: Did the District Court err by awarding attorney fees and costs pursuant to § 40-4-110, MCA?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶5 Kananen and Karen South (South) were married in November 1993. In January 1995, South made Kananen a co-owner of the Mill Creek Property, which South had owned and lived on prior to her marriage to Kananen. In October 2007, the Fergus County Clerk and Recorder recorded a quit claim deed (the "deed") that transferred Kananen's interest in the Mill Creek Property back to South.

¶6 Kananen and South's marriage ended in divorce in 2009. The District Court held a dissolution hearing on November 19, 2009, at which the parties argued over their respective interests in the Mill Creek Property. Testimony revealed that between 1993 and 2009, the Mill Creek Property increased in value by $100,000. The parties disputed whether this

2

$100,000 should go into the net marital estate to be equitably apportioned between Kananen and South. Following the hearing, the District Court concluded that South was the owner of the Mill Creek Property, and that the majority increase in value of the property was due to market force and had nothing to do with any contributions made by Kananen. The court granted $8,000 to Kananen for his minimal contributions to improvements in the property.

¶7 On June 5, 2012, Kananen filed a complaint alleging that South fraudulently forged Kananen's signature on the deed to the Mill Creek Property and that Alta Mae Pallett (Alta) notarized the forged signature. Western Surety Company issued Alta her notary bond and, accordingly, was also a named defendant.

¶8 Defendants moved to dismiss pursuant to the statute of limitations, collateral estoppel, and lack of damages. The District Court granted Defendants' motion on the basis that the two-year statute of limitations for fraud claims had run. The District Court also awarded Defendants attorney fees and costs pursuant to § 40-4-110, MCA.

¶9 Kananen appeals.

## STANDARD OF REVIEW

¶10 We review de novo a district court's ruling on a motion to dismiss for failure to state a claim pursuant to M. R. Civ. P. 12(b)(6). *White v. State*, 2013 MT 187, ¶ 15, 371 Mont. 1, __ P.3d __. A district court's determination that a complaint failed to state a claim presents a conclusion of law, which we review for correctness. *White*, ¶ 15.

3

¶11 We review a district court's decision that legal authority exists to award attorney fees for correctness. *Wittich Law Firm, P.C. v. O'Connell*, 2013 MT 122, ¶ 29, 370 Mont. 103, __P.3d__.

## DISCUSSION

¶12 *Issue One: Did the District Court err by dismissing Kananen's fraud claim on the basis of the statute of limitations?*

¶13 Kananen argues that pursuant to § 27-2-203, MCA, a cause of action for a fraud claim does not accrue until the discovery by the aggrieved party of the facts constituting the fraud. Kananen maintains that he did not know of the allegedly forged deed until September 27, 2011, when he obtained a copy of the deed from the Fergus County Clerk and Recorder. Kananen further asserts that the alleged forgery was not substantiated until March 19, 2012, when a forensic document examiner issued a report on Kananen's signature on the deed and concluded it was "highly probable" that the signature did not belong to Kananen. Kananen therefore claims that the actual date of the discovery of fraud, and the date the statute of limitations began to run, was March 19, 2012. Accordingly, Kananen argues the District Court erred when it held that his fraud claim—filed on June 5, 2012—was barred by the two-year statute of limitations.

¶14 Defendants counter that the statute of limitations for Kananen's claim began to run at the time of the dissolution hearing on November 19, 2009. Defendants maintain that the deed containing Kananen's allegedly forged signature was reviewed and admitted into

4

evidence at the hearing, and Kananen was thus put on notice of the relevant facts related to the alleged forgery at that time.

¶15    Section 27-2-203, MCA, requires that an action for fraud must be commenced within two years after the claim accrues. The cause of action shall not "be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud . . . ." Section 27-2-203, MCA. The two-year limitations period therefore begins to run when the party bringing the action discovered the fraud or in the exercise of due diligence should have discovered the fraud. Section 27-2-102(3), MCA; *Cartwright v. Equitable Life Assur. Socy. of the U.S.*, 276 Mont. 1, 19, 914 P.2d 976, 984 (1996).

¶16    In the present case, the District Court determined that the Mill Creek Property was addressed during the dissolution proceeding and that Kananen was thus distinctly put on notice of the import of the deed on November 19, 2009. The court found that Kananen received a copy of the allegedly forged deed at the dissolution hearing. Further, during the dissolution hearing the District Court referred to the Mill Creek Property as real property owned by South, and clarified that the only issue pertaining to that property was whether the increase in its value of $100,000 was a marital asset. In the final decree of dissolution filed on December 8, 2009, the court found that the property was owned exclusively by South and allocated a sum of $8,000 to Kananen for his contribution to it. Even if Kananen did not review the deed at the hearing, as he alleges, he was clearly alerted to the fact that he was no longer a co-owner of the Mill Creek Property at that time. He was thus put on notice of the facts underlying any fraud claim.

5

¶17 Kananen further argues that Defendants concealed facts relevant to the alleged forgery, and that the doctrine of fraudulent concealment therefore tolled the statute of limitations for his claim. The doctrine of fraudulent concealment, which was essentially codified in § 27-2-102(3), MCA, tolls the statute of limitations until the cause of action is discovered or could have been discovered through due diligence. *Rucinsky v. Hentchel*, 266 Mont. 502, 506, 881 P.2d 616, 618 (1994). As just explained, Kananen discovered or could have discovered the alleged forgery on November 19, 2009. There is no evidence that Defendants concealed any facts that would toll the statute of limitations beyond this point.

¶18 Since his claim was not filed until June 2012, it is clear that the action was brought more than two years after Kananen discovered or could have discovered the alleged forgery. The District Court therefore correctly determined Kananen's fraud claim was barred by the statute of limitations.

¶19 *Issue Two: Did the District Court err by not conducting a hearing on the Rule 12(b)(6) motion to dismiss?*

¶20 Kananen argues that the District Court violated his constitutional due process rights by failing to give notice and hold a hearing on Defendants' motion to dismiss, even though a hearing was never requested. In support of his argument, Kananen points out that the constitutional right to due process requires notice and an opportunity to be heard "'at a meaningful time and in a meaningful manner,'" *In re Marriage of Stevens*, 2011 MT 124, ¶ 18, 360 Mont. 494, 255 P.3d 154 (quoting *Mont. Power Co. v. Pub. Serv. Commn.*, 206 Mont. 359, 368, 671 P.2d 604, 609 (1983)). However, Kananen failed to provide any

6

authority for his assertion that this right requires that a district court hold a hearing on a motion to dismiss when a hearing was never even requested in the first place.

¶21 Pursuant to M. R. Civ. P. 12(i), when a party moves to dismiss an action for failure to state a claim, the motion shall be heard and determined before trial "[i]f a party so moves[.]" Here, none of the parties requested that the District Court hold a hearing on Defendants' motion to dismiss, and Kananen has provided nothing to suggest that the District Court interfered with his opportunity to do so. We therefore conclude Kananen's due process rights were not violated by the District Court granting Defendants' motion to dismiss without holding a hearing.

¶22 *Issue Three: Did the District Court err by awarding attorney fees and costs pursuant to § 40-4-110, MCA?*

¶23 Kananen maintains that the District Court improperly awarded attorney fees and costs to Defendants pursuant to § 40-4-110, MCA. He argues that his cause of action was one for fraud, and, consequently, § 40-4-110, MCA, was not applicable. We agree.

¶24 Section 40-4-110, MCA, governs the award of attorney fees in dissolution actions. The District Court determined that although Kananen's complaint was characterized as one for fraud, it was "unequivocally a re-litigation of an allocation of real property made in the Decree." The court therefore granted attorney fees and costs to Defendants based upon § 40-4-110, MCA.

¶25 Although the underlying facts of Kananen's fraud claim overlap with the facts of the 2009 dissolution proceeding, the two causes of action were separate. Kananen's complaint

7

in the case at hand clearly alleges fraud and constructive fraud.  The District Court therefore erred by awarding fees and costs pursuant to § 40-4-110, MCA.

## **CONCLUSION**

¶26    For the reasons stated above, we affirm in part and reverse in part.

/S/ MICHAEL E WHEAT

We concur:

/S/ MIKE McGRATH
/S/ JIM RICE
/S/ BETH BAKER
/S/ PATRICIA COTTER