FILED

12/22/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0202

DA 20-0202

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 322N

ALLAN MARGITAN,

      Plaintiff and Appellant,

  v.

STEPHEN MATTHEW McAFEE and GREG MORAN,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV-15-195
Honorable Jason T. Marks, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Quentin M. Rhoades, Robert Erickson, Rhoades Siefert & Erickson PLLC,
Missoula, Montana

      For Appellees:

          Mitchell J. Vap, John F. Haffey, Haffey Vap, PLLC, Missoula, Montana
(for Greg Moran)

          Carey Schmidt, Schmidt Law Firm, PLLC, Missoula, Montana
(for Stephen Matthew McAfee)

Submitted on Briefs:  November 12, 2020

Decided:  December 22, 2020

Filed:

                      _____
                           Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1　Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of non-citable cases published in the Pacific Reporter and Montana Reports.

¶2　Plaintiff Allan Margitan appeals the July 2, 2015, and November 18, 2019, orders entered by the Fourth Judicial District Court, Missoula County, which granted summary judgment to Defendants Stephen Matthew McAfee and Greg Moran on the ground Margitan's claims were time barred.  The issue on appeal is whether the District Court erred by concluding § 27-2-102(2), MCA, the accrual rule, rather than § 27-2-102(3), MCA, the discovery rule, was dispositive in the determination of the periods of limitations for the filing of Margitan's claims.

¶3　In late 2003, Margitan, a resident of the State of Washington, left his 1967 RS SS Chevrolet Camaro with Route 66 Auto Body in Sandpoint, Idaho, to perform restoration work on the vehicle.  The mechanic working on the Camaro, Tyson Goyen, was discharged from his employment in December 2003.  Goyen removed the Camaro from the body shop without permission and took the vehicle to Montana.  Margitan contacted the Montana Highway Patrol, who directed Margitan to follow up with the Sandpoint Police Department.  He filed a theft report with the Sandpoint Police, but did not complete the report until April 2004 because he was required to appear personally to sign it.  Margitan

2

also conducted his own search for the vehicle, contacting multiple automobile dealerships, service providers, and auto part providers. Margitan states he frequently contacted the Sandpoint Police and Montana Highway Patrol and was advised he would be contacted if the vehicle or Goyen were located.

¶4     In March 2004, unbeknownst to Margitan, Goyen transferred the Camaro to Don Dean, who subsequently sold it to Moran for $400. Moran retained a title service that arranged for him to transfer the vehicle to Southeastern Auto Sales & Auto Brokers, who obtained title to the vehicle in Maine—where automobiles older than model year 1994 are title exempt and require only a bill of sale for registration purposes—and then transferred the newly acquired title back to Moran. Moran was issued a title to the vehicle by the State of Montana on October 25, 2004, and assigned it to McAfee on October 30, 2004, in exchange for $2,000. The assigned title was received by the State Department of Motor Vehicles on January 6, 2006.

¶5     In December 2014, Margitan received a tip that a Missoula resident possessed his Camaro. Upon Margitan's report, the Missoula Police Department conducted a vehicle search in January 2015 and determined the tip was incorrect. However, police discovered the Camaro was titled to McAfee. Police determined not to pursue criminal charges in the matter, leaving civil remedies as Margitan's only recourse.

¶6     On March 9, 2015, Margitan filed this action against Goyen, Dean, Moran and McAfee, claiming conversion, negligence, and claim and delivery.[1]  The District Court

---

[1] Margitan apparently has not pursued legal action against Route 66 Autobody or its owner.

entered an order of default judgment against Dean and Goyen on May 6, 2015, and November 15, 2019, respectively. On July 2, 2015, the District Court granted McAfee's motion for summary judgment, and granted Moran's summary judgment motion on November 18, 2019, concluding the claims against them were time barred under application of the accrual rule. A damages hearing was held in February 2020, and the District Court held Goyen and Dean jointly and severally liable in the amount of $16,000. Margitan appeals from entry of summary judgment in favor of Moran and McAfee.

¶7 Summary judgment is appropriate if the movant establishes the absence of genuine issues of material fact and entitlement to judgment as a matter of law. Whether a fact is material such that it should be resolved by a jury is determined by looking at the substantive law which governs the claim. *McGinnis v. Hand*, 1999 MT 9, ¶ 6, 293 Mont. 72, 972 P.2d 1126 (citing *Devoe v. State*, 281 Mont. 356, 367, 935 P.2d 256, 263 (1997)). All reasonable inferences that may be drawn from the evidence must be resolved in favor of the nonmovant. *Hopkins v. Superior Metal Workings Sys., L.L.C.*, 2009 MT 48, ¶ 5, 349 Mont. 292, 203 P.3d 803 (citing *Schmidt v. Washington Contractors Group*, 1998 MT 194, ¶ 7, 290 Mont. 276, 964 P.2d 34). If the movant satisfies his initial burden, the burden shifts to the nonmovant, who is tasked with setting forth particularized facts—not merely "rely[ing] upon their pleadings, nor upon speculative, fanciful, or conclusory statements"—in opposition of summary judgment. *Thomas v. Hale*, 246 Mont. 64, 67, 802 P.2d 1255, 1257 (citation omitted). We review a district court's decision to grant summary judgment de novo, applying the same Rule 56 criteria as a district court. *Pilgeram v.*

4

*GreenPoint Mortg. Funding, Inc.*, 2013 MT 354, ¶ 9, 373 Mont. 1, 313 P.3d 839 (citing *Fisher v. State Farm Mut. Auto. Ins. Co.*, 2013 MT 208, ¶ 11, 371 Mont. 147, 305 P.3d 861).

¶8      "The general rule in Montana is that a claim accrues and the limitation period begins to run when all elements of the claim exist or have occurred." *Thieltges v. Royal All. Assocs.*, 2014 MT 247, ¶ 15, 376 Mont. 319, 334 P.3d 382 (citing § 27-2-102, MCA; *Draggin' Y Cattle Co. v. Addink*, 2013 MT 319, ¶ 20, 372 Mont. 334, 312 P.3d 451). This "accrual rule," as articulated in statute, states that "[u]nless otherwise provided by statute, the period of limitation begins when the claim or cause of action accrues. Lack of knowledge of the claim or cause of action, or of its accrual, by the party to whom it has accrued does not postpone the beginning of the period of limitation." Section 27-2-102(2), MCA.

¶9      Although under the general rule "the fact that a party with a cause of action has no knowledge of his rights, or even the facts out of which the cause arises, does not delay the running of the statute of limitations until he discovers the facts or learns of his rights under those facts[,]" *Bennett v. Dow Chem. Co.*, 220 Mont. 117, 120-21, 713 P.2d 992, 994 (1986), an exception known as the "discovery rule" was recognized to "protect[] plaintiffs against the harsh results of having their claims barred before they even know they exist." *McCormick v. Brevig*, 1999 MT 86, ¶ 100, 294 Mont. 144, 980 P.2d 603. The discovery rule provides that a period of limitation "does not begin on any claim or cause of action for an injury to person or property until the facts constituting the claim have been discovered

5

or, in the exercise of due diligence, should have been discovered. . . ." Section 27-2-102(3), MCA. This exception may be applied if "the facts constituting the claim are by their nature concealed or self-concealing" or "the defendant has taken action which prevents the injured party from discovering the injury or its cause" before, during, or after the act causing the injury. Section 27-2-102(3)(a), (b), MCA.

¶10    Under § 27-2-102(2), MCA, the general accrual rule, the claims made here for negligence, conversion, and claim and delivery accrued when the vehicle was acquired by Moran and then McAfee, which occurred for both no later than October 2004.[2] These defendants had by then allegedly obtained unauthorized control of the vehicle, breached their duty to Margitan, and caused him injury. Thus, the periods of limitation on the claims against them had long expired by the time this action was filed in March 2015. Margitan contends the discovery rule should be applied to toll the onset of the periods of limitation until January 2015, when he learned of the location of the Camaro. However, the facts of record do not support application of the discovery rule.

---

[2] The elements of negligence are duty, breach, causation, and damages. *Sikorski v. Johnson*, 2006 MT 228, ¶ 13, 333 Mont. 434, 143 P.3d 161 (citation omitted). The statute of limitation period for negligence is three years. Section 27-2-204(1), MCA; *Ritland v. Row*, 260 Mont. 453, 459, 861 P.2d 175, 178 (1993) (applying the three-year statute of limitation for negligence claims when the damages are to property rather than the two-year statute of limitation for property damages). The elements of both conversion and claim and delivery are property ownership by the plaintiff, plaintiff's right of possession of the property, defendant's unauthorized control over the property, and damages. *Feller v. First Interstate Bancsystem, Inc.*, 2013 MT 90, ¶ 26, 369 Mont. 444, 299 P.3d 338 (citing *St. Peter & Warren, P.C. v. Purdom*, 2006 MT 172, ¶ 19, 333 Mont. 9, 140 P.3d 478); § 27-17-201, MCA. The statute of limitation period for both conversion and claim and delivery is two years. Section 27-2-207(2), MCA; *State ex rel. Egeland v. Cut Bank*, 245 Mont. 484, 491, 803 P.2d 609, 613-14 (1990) (applying § 27-2-207(2), MCA, to a claim and delivery action rather than § 27-2-231, MCA).

¶11 Margitan argues the theft of the Camaro necessitates a conclusion that the facts constituting the claim "are by their nature concealed or self-concealing" under § 27-2-102(3)(a), MCA. However, there is no evidence that either Moran or McAfee had knowledge of the theft and, conversely, by October 2004, both of them had registered their title to the Camaro with the State of Montana and thereby publicly disclosed their possession of the vehicle. The actions of Moran and McAfee regarding the vehicle cannot be considered concealed or self-concealing in nature, and Margitan had received information the vehicle was located in Montana. Margitan cannot obtain application of the discovery rule under § 27-2-102(3)(a), MCA.

¶12 Similarly, there is no evidentiary basis to conclude Moran or McAfee took action "which prevent[ed] the injured party from discovering the injury or its cause" under § 27-2-102(3)(b), MCA. Again, Moran and McAfee both titled the vehicle with the State of Montana by October 2004, thereby disclosing their possession on the public record. Merely exercising exclusive control does not negate the effect of its public disclosure. *Rucinsky v. Hentchel*, 266 Mont. 502, 506, 881 P.2d 616, 619 (1994) (keeping evidence locked away after disclosing its existence did not constitute active concealment). There is no evidence that Moran or McAfee acted to conceal their possession of the vehicle. Margitan did not search Montana public records over many years. Margitan cannot obtain application of the discovery rule under § 27-2-102(3)(b), MCA.

¶13 Finally, Margitan argues summary judgment was improper because whether the discovery rule applies is a question of fact that should have been posited to a jury.

However, summary judgment is appropriate in the absence of material factual disputes. Mont. R. Civ. P. 56(c)(3). As determined by the substantive law that governs this claim, there is no genuine issue of material fact requiring resolution by a factfinder. We have affirmed summary judgment entered by a district court upon denial of application of the discovery rule. *Thieltges*, ¶ 11; *see also Kananen v. South*, 2013 MT 232, 371 Mont. 289, 307 P.3d 309; and *Rucinsky*, 266 Mont. at 506, 881 P.2d at 618-19.

¶14 The facts constituting Margitan's claim against Moran and McAfee were publicly available in Montana no later than October 2004 and should have been discovered in the exercise of due diligence. *See* § 27-2-102(3), MCA. Margitan's lack of further personal knowledge did not delay the commencement of the periods of limitation beyond October 2004, at the latest. *See* § 27-2-102, MCA. No claims were brought until more than ten years after this date, following the expiration of the periods of limitation. *See* §§ 27-2-204(1), 207(2), MCA. Therefore, the District Court did not err in granting summary judgment to Moran and McAfee.

¶15 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶16 Affirmed.

/S/ JIM RICE

We concur:

/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR